IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDWIN D. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-115 |
| | ) | |
| ACCESS SECURE PAK, and | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Stephens v. Access Secure Pak Remington Returns Center, CV 114-156 (S.D. Ga. July 18, 2014) (dismissing for failure to state a claim) (2) Stephens v. Dep't of Corrs., CV 112-182 (S.D. Ga. December 3, 2012) (dismissing for lying in the complaint); and (3) Stephens v. Hardin, CV 108-012 (M.D. Ga. January 18, 2008) (dismissing as frivolous). A dismissal for dishonesty in a complaint qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); As Plaintiff has three strikes, he cannot proceed IFP unless he can show that he qualifies for "the imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff alleges that his razors from Defendants are unsatisfactory and give him razor burn. Razor burn from allegedly inadequate razor blades does not amount to imminent danger of serious physical injury. Accordingly, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

### C. Dismissal Is Also Warranted Because of Plaintiff's Dishonesty

The form complaint that Plaintiff used to commence this case, "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose whether (1) they have brought other federal lawsuits while incarcerated and (2) the defendant, court, and docket number of each individual lawsuit previously brought in federal court. (Doc. no. 1, pp. 1-2.) Plaintiff indicated that he had brought only one previous lawsuit in federal court. (Id. at 2.) However, Plaintiff failed to disclose the other two previous lawsuits he brought in federal court mentioned *supra*, Section II.A, including one lawsuit filed in this Court.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a

3

sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Secretary Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). Thus, in not disclosing all of the previous cases as required by the form complaint, Plaintiff acted with dishonesty, which provides another basis for dismissal of this case.

4

**III.     CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 11th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA